

**ORDERED in the Southern District of Florida on April 25, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:

**MUTUAL BENEFITS OFFSHORE
FUND, LTD.,**

Alleged Debtor.
_____/

CASE NO.: 11-17051-AJC

Chapter 11 (Involuntary)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON OWNERSHIP**

This contested matter is before the Court upon the Redmond Group's March 22, 2011 *Emergency Motion to Strike the Involuntary Answer* filed by the Zeltser Group ("*Emergency Motion to Strike*") [ECF No. 8], which brings to the forefront of this involuntary bankruptcy proceeding the dispute of who is/are the rightful owner(s) and legitimate representatives of the Alleged Debtor, Mutual Benefits Offshore Fund, Ltd. ("MBOF" or "Alleged Debtor"). At the outset of this case, a group of attorneys purporting to represent MBOF filed an *Answer* [ECF No. 5] to the involuntary petition, which admitted the allegations set forth in the involuntary petition and consented to an order for relief. That group of attorneys is now comprised of Emanuel

Zeltser of the law firm Sternik and Zeltser, and Darin DiBello, of the law firm DiBello, Lopez & Castillo, P.A., and has been referred to throughout these proceedings as the "Zeltser Group." Immediately thereafter, another group of attorneys purporting to represent the same Alleged Debtor filed its Emergency Motion to Strike. That group of attorneys is presently comprised of Patricia Redmond of the law firm Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Martin Russo, of Gusrae Kaplan Nusbaum PLLC, and John O'Sullivan, of the law firm Hogan Lovells US LLP, and has been referred to throughout this proceeding as the "Redmond Group."[1] After nearly two years of litigation, which involved highly-contested summary judgment proceedings and extensive discovery, this contested matter was tried in two trial days in April 2013. Upon a careful review of the evidence and for the reasons set forth below, the Court finds, *inter alia*, that (1) Triangle International Management ("Triangle") is the owner of the controlling "Managers Shares" of MBOF; (2) as the controlling shareholder, Triangle appointed W. Shaun Davis as President and sole director of MBOF in 2002 and he has remained in those positions since then; (3) under the governing documents of MBOF, Mr. Davis has the exclusive authority to conduct the business and affairs of MBOF; and (4) in that designated capacity, Mr. Davis lawfully retained the Redmond Group's attorneys to represent MBOF in this involuntary proceeding and did not authorize the Zeltser Group's attorneys to file pleadings or otherwise appear in this action. The Redmond Group's *Emergency Motion to Strike* is therefore GRANTED and the Zeltser Group's *Answer* is STRICKEN.

---

[1] As the parties are well aware, the references to the Redmond Group and Zeltser Group refer to the alleged owners of MBOF, and not their attorneys. As discussed below, the Zeltser Group, through its attorneys, claims to own MBOF through what Emanuel Zeltser has described as a "loose investment partnership" including an entity called Imedinvest. Hr'g Tr. 23:4-6 (Mar. 25, 2011). Zeltser, speaking as an attorney, told the Court that "we came to possess Mutual Benefits Offshore Fund" and that, originally, there had been "no question of anybody owning any of these companies, other than ourselves." He added: "I happen to be the only counsel in this courtroom that was representing all three [Alleged Debtors in these proceedings] and/or their ownership since their inceptions." *Id*. at 15:25; 16:1-2; 18:15-6, 24-25; 19:1. The Redmond Group, through its attorneys, claims to own the controlling shares of MBOF through Triangle.

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), as this is a civil proceeding arising in or related to a case under the Bankruptcy Code. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b). *See* ECF No. 347 ("Resolution of the issue of ownership is deeply embedded—indeed, it is the primary issue—in the resolution of the creditors' proofs of claim."). Further, this Court has the constitutional authority to enter a final order on this matter. *Id.*[2] Venue in this proceeding is properly before the Court pursuant to 28 U.S.C. § 1409.

## II. FINDINGS OF FACT

### A. Pre-Trial History and Procedure

Faced with two competing claims to ownership of the Alleged Debtor (the "ownership issue" or "ownership dispute"), the Court held a hearing on March 25, 2011 following the filing of involuntary petitions and contradictory ownership claims. At that hearing, the Zeltser Group specifically requested that the Court resolve the ownership issue. According to Emanuel Zeltser:

> [T]he issue of who is the correct owner, in control, or persons, is not directly before any judge—any court. It should be here before Your Honor. It can be done in a—in one proceeding as to all of these [Alleged Debtors].

Hr'g Tr. 51:4-9 (Mar. 25, 2011).

---

[2] The District Court for the Southern District of Florida has already determined that this contested matter is a "core proceeding" and that it is properly within the jurisdiction of this Court under *Stern v. Marshall*, 131 S. Ct. 2594 (2011). *See* Order Den. Mot. to Withdraw the Reference at 2-3, *In re Fisher Island Investments, Inc.*, Case No. 12-20018 (S.D. Fla. Jan. 31, 2012) (Huck, J.).

To the extent that a reviewing Court finds it appropriate, this Order may be deemed as a proposed findings of facts and conclusions of law pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033. The authority of bankruptcy courts to issue these proposed findings of fact and conclusions of law are unchanged by *Stern*. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 456 B.R. 545, 550 (M.D. Fla. 2011); *In re Lyondell Chem. Co.*, 467 B.R. 712, 724 (S.D.N.Y. 2012); *FTI Consulting, Inc. v. Merit Mgmt. Group, LP*, 476 B.R. 535, 539 (N.D.Ill. 2012); *In re Canopy Financial, Inc.*, 464 B.R. 770, 775 (N.D. Ill. 2011); *see also Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 861-62 (D. Minn. 2011). Moreover, this Court's authority under § 157(c)(1) and Rule 9033 also applies to "core claims" that fall within the exclusive jurisdiction of Article III courts under *Stern*. *See In re Lyondell Chemical Co.*, 467 B.R. at 724.

The Court notes that, on March 31, 2011, the Court entered an order setting discovery deadlines and the ownership issue for trial.  See ECF No. 23.  Thereafter, the parties jointly requested and the Court entered its *Case Management and Scheduling Order in Contested Matter Setting Filing and Disclosure Requirements for Pre-Trial and Trial* ("CMO") [ECF No. 96].  Both parties thus conceded this proceeding is a "Contested Matter."  Pursuant to the CMO, on or about June 1, 2011, the Zeltser Group filed its *Initial Rule 26(A)(1) Disclosures* (the "Zeltser 26(a) Disclosures") listing 36 "witnesses that may be called at trial in this matter." [*See* ECF No. 85]  The Redmond Group filed its Rule 26 disclosures the following day.  The parties then engaged in discovery, after which the Zeltser Group amended its Zeltser 26(a) Disclosures to add two additional witnesses.  See ECF No. 252.

In February 2012, the Redmond Group filed its *Motion for Summary Judgment* on the ownership issue ("Ownership MSJ") [ECF No. 354], which the Zeltser Group opposed [ECF No. 361].  In support of its opposition, the Zeltser Group attached nearly twenty exhibits, including declarations (with additional exhibits attached thereto) from Alexander Fishkin, Gennady Sinski, Xenia Petropavlovskaya, and Oxana Adler.  It also cited to excerpts from deposition transcripts of Mark Zeltser taken in *MBOF v. Zeltser*, Case No.: 650438/2009 (N.Y. Sup. Ct.) (Fried, J.), and of Nina Zajic taken in *Little Rest Twelve, Inc. v. Zajic*, Case No.: 650209/2010 (N.Y. Sup. Ct.) (Fried, J.).  *See* ECF Nos. 361-14, 19.  After oral argument, the Court denied the Redmond Group's Ownership MSJ based on the issues raised by these witnesses and ordered a trial on the merits in its Memorandum Opinion Denying Motion for Summary Judgment [ECF No. 462].

Preparation for trial recommenced.  On or about October 11, 2012, the parties exchanged witness lists and exhibit lists as required by the Court's *Order Setting Pretrial Conference and Related Deadlines* [ECF No. 488].  The Zeltser Group's *Witness and Exhibit List for its Case-in-*

*Chief* ("Zeltser Group Witness List") [ECF No. 487] incorporated all 38 witnesses previously identified in its Zeltser 26(a) Disclosure and at least eight broadly defined categories of additional witnesses. *See* Zeltser Group Witness List. In response to objections by the Redmond Group that the Zeltser Group disclosures were overbroad, the Court entered an order on November 29, 2012 that required the Zeltser Group "to identify the witnesses that they will call at trial as part of its case-in-chief . . . ." [ECF No. 548, ¶ 4] (emphasis in original). That order also provided that any witness or exhibit not specifically named or identified would be precluded from offering evidence in that party's case-in-chief. *Id*. at ¶ 3. In response, the Zeltser Group filed a new list that was substantially the same to its prior witness list. *See* ECF. No. 515.

On December 11, 2012, the Redmond Group filed its *Amended Objections to the Zeltser Group's Witness and Exhibit List for its Case-in-Chief* [ECF No. 552], and on February 26, 2013, the Redmond Group filed its *Amended Objections to the Zeltser Group's Exhibit List for its Case-in-Chief* [ECF No. 586], which detailed objections to more than 482 exhibits that had been identified and exchanged by the Zeltser Group as exhibits for its case-in-chief. Specifically, the Redmond Group argued, among other grounds for exclusion, that various documents were not properly authenticated or certified. *Id*. The Redmond Group also moved the Court to preclude two proposed Zeltser Group witnesses, Galina Orlowskaya and Natasha Bransburg, from testifying at trial based upon the Zeltser Group's failure to make the required Rule 26(a) disclosures as to such witnesses. *See* ECF No. 608. After a March 27, 2013 hearing on the motion, the Court entered an *Order Granting Redmond Group's Motion to Enforce the Court's Order* [ECF No. 631]; but, rather than precluding witnesses Galina Orlowskaya and Natasha Bransburg from testifying at trial, the Order required the Zeltser Group to produce these individuals for deposition no later than seven days before trial if they wanted to proffer them as

witnesses at trial. At the Court's suggestion, the parties continued to meet in an effort to resolve objections relating to documents.

On April 1, 2013, the deadline to submit declarations of the direct testimony of witnesses that would testify at trial, the Zeltser Group submitted the declaration of Oxana Adler. *See* ECF No. 624. The Redmond Group filed the declaration of W. Shaun Davis. ECF No. 623. The Zeltser Group also contemporaneously filed a motion for an extension of time to submit the declarations of Galina Orlowskaya and Natasha Bransburg and for a continuance of the trial date. *See* ECF No. 625. The Court conducted a hearing on the Zeltser Group motion on April 4, 2013, denied the continuance motion without prejudice to its right to renew it at trial, and ordered the parties to proceed to trial as scheduled.

As discussed below, the Zeltser Group renewed its motion for a continuance, *ore tenus*, after the Redmond Group completed its case-in-chief.

**B. Evidence Presented at Trial**

Trial commenced on April 11, 2013. In its opening statement, the Zeltser Group contended that (i) MBOF itself was a fraud, and/or (ii) W. Shaun Davis, the President sole director of MBOF, was simply a nominee for others. Trial Tr. 7:19 – 9:9 (Apr. 11-12, 2013). The Zeltser Group offered no explanation, however, as to how either of these showings would prove the authority of the Zeltser Group to represent MBOF in these proceedings.

At trial, the Redmond Group called MBOF's President and sole director, W. Shaun Davis, to testify in person and through his previously filed declaration, which was admitted into evidence without objection. During the course of Mr. Davis's testimony, the Redmond Group introduced 38 exhibits, which were admitted into evidence without objection. Another 21

exhibits were admitted over the objection of the Zeltser Group for the limited purpose of identifying amounts of certain investments received by MBOF.

The Court reviewed Mr. Davis's declaration; listened to Mr. Davis's direct testimony and to the lengthy cross-examination conducted by Mr. Zeltser; and observed the demeanor of the witness. The Court finds Mr. Davis to be forthcoming and his testimony to be credible. He testified that he was the owner of Meridian Asset Management Ltd., which owns 99% of Triangle, which in turn owns all of the voting shares in MBOF. *See* ECF No. 623, ¶ 4; Trial Tr. 10:21 – 11:2 (Apr. 11-12, 2013). He further testified that he was appointed as the President and sole Director of MBOF in 2002, and has never been removed from either of those positions. *See* ECF No. 623, ¶¶ 1, 8, 9; Trial Tr. 10:17 – 20; 172:25 – 173:7 (Apr. 11-12, 2013). This testimony is supported by the MBOF's Registered Agent's Certificate which annexes the Register of Officers and the MBOF Register of Directors, which was admitted into evidence without objection. Ex. 47; Trial Tr. 24:11 – 27:21 (Apr. 11-12, 2013).

Mr. Davis further testified that the more than $23 million invested by Kayley and 22 other investors were for an offering of non-voting Class A and Class B shares, which entitled the investors to an economic interest only in the profits of the fund and no voting power. *See* ECF No. 623, ¶ 23; Trial Tr. 12:24 – 13:24 (Apr. 11-12, 2013). This testimony was supported by the MBOF Registry of Investors as well as the MBOF Memorandum of Association and Articles of Association, all of which were admitted into evidence without objection. Exs. 6, 9; Trial Tr. 24:11 – 27:21 (Apr. 11-12, 2013). Pursuant to Articles 110 and 111 of that MBOF Articles of Association, "[t]he business and affairs of the Company shall be managed by the directors," who may delegate such powers and authority to an officer of the Company. Ex. 6, §§ 110, 111. In addition, pursuant to Article 124 of the MBOF Articles of Association, "[i]f the Company shall

have only one director . . . such sole director shall have full power to represent and act for the Company in all matters," subject to specific exceptions not applicable here. *Id.* § 124. Finally, Mr. Davis testified that he retained the Redmond Group attorneys in this matter, and that the Zeltser Group attorneys are not authorized to represent MBOF. *See* ECF No. 623, ¶ 42; Trial Tr. 42:2 – 43:22 (Apr. 11-12, 2013). The Court has independently reviewed the remaining exhibits introduced through Mr. Davis and finds them consistent with and supportive of his testimony.

During a four-hour cross examination of Mr. Davis, Mr. Zeltser attempted to establish that MBOF defrauded its investors and that Mr. Davis was a nominee for any number of persons. Mr. Davis steadfastly denied both propositions, and, in this Court's opinion, was credible in doing so. *See generally* Trial Tr. 44:21 – 164:7 (Apr. 11-12, 2013). Following a brief redirect examination, the Redmond Group rested its case.

The Court denied the Zeltser Group's motion for a judgment on partial findings pursuant to Rule 52 of the Federal Rules of Civil Procedure, whereupon the Zeltser Group once again moved, *ore tenus*, for a continuance of trial based upon the claimed unavailability of Orlowskaya, Bransburg, and Adler—three of the more than 38 witnesses that the Zeltser Group previously stated that it intended to call at trial. The motion was granted in part and denied in part, with the Court allowing the Zeltser Group to call Orlowskaya and Bransburg to testify on a continued trial date of April 27, 2013, provided that the witnesses were produced for deposition by April 18, 2013. With respect to Ms. Adler, however, the Court exercised its discretion and denied the motion for a continuance. Ms. Adler is a petitioning creditor in this case, participated in this proceeding from its inception, appeared for depositions on two separate occasions, and submitted her sworn trial declaration. The Court otherwise ordered the Zeltser Group to proceed with its case.

Despite conducting pretrial discovery and submitting exhaustive witness and exhibit lists, the Zeltser Group offered none of the documents or witnesses listed in its pre-trial disclosures and presented in its opposition to the Ownership MSJ. The Court notes in particular that Ms. Adler, who executed a direct examination declaration that was filed ten days before trial, was not produced as a trial witness by the Zeltser Group. *See* ECF Nos. 361 & 624. Nor was Gennady Sinski, the alleged trustee of the Imedinvest Trust—which the Zeltser Group asserts owns MBOF—and an alleged director of MBOF since 2003, *see* ECF No. 361, or David Kay, alleged by the Zeltser Group to be director and secretary of MBOF. *See* ECF No. 361, Exs. GS1 and GS5. The Zeltser Group also failed to produce Alexander Fishkin, the alleged attorney for MBOF's ownership (who allegedly had knowledge of the ownership structure), *see* ECF No. 361; Xenia Petropavlovskaya, the alleged documents custodian for Arkady Badri Patarkatsishvili, *id.*; Nina Zajic, the alleged representative of Joseph Kay and Badri who purportedly met with Steven Steiner, *id.*; Mark Zeltser, Emanuel Zeltser's brother who allegedly witnessed admissions regarding the ownership of MBOF, *id.*; and Moshe Popack, the person identified as the alleged records custodian of MBOF [ECF No. 192].

The Zeltser Group provided the Court with no explanation for its failure to produce these witnesses at trial after having listed them as part of its case in chief. There was similarly no explanation for the failure by the Zeltser Group to offer any of the hundreds of exhibits it had listed. The Zeltser Group offered no testimony by deposition from any witness. Nor did it proffer retainer agreements or engagement letters or any evidence that the Zeltser Group lawyers were ever authorized by anyone to appear in this action for MBOF. Apart from reserving the right to call Orlowskaya and Bransburg in the event they could be produced for deposition by the deadline set by the Court in its ruling on the renewed continuance motion, the Zeltser Group

advised the Court that it would offer no other evidence. Counsel later advised that there was no need to hold the continued trial date as the witnesses had not been produced for deposition.

On this record, the Court finds that both the testimonial and documentary evidence presented by the Redmond Group is credible and persuasive. Meanwhile, the Zeltser Group has failed to put forth any evidence in support of any alternative ownership theory. The evidence presented at trial supports the finding that W. Shaun Davis is the President and sole director of MBOF, and has occupied those positions since 2002. He therefore had the exclusive authority to retain counsel to represent MBOF in this involuntary proceeding, and, pursuant to that authority, selected the Redmond Group's attorneys as the only counsel authorized to file pleadings or otherwise act for MBOF in this case.

For the foregoing reasons, and based on evidence adduced at the trial of this contested matter on April 11 and 12, 2013, the Court finds and concludes as follows:

1. W. Shaun Davis owns Meridian Asset Management Ltd. ("Meridian");

2. Meridian owns 4,999 shares of Triangle International Management Ltd. ("Triangle"); Steven Steiner owns the only other authorized share;

3. Only the Managers Shares of MBOF are entitled to vote. Triangle owns all 12,000 of the Managers' Shares of the Alleged Debtor MBOF, and has owned those shares continuously since 2002;

4. W. Shaun Davis is the President and sole Director of Triangle. He has held those positions since 2002, held them at the time of filing of the Involuntary Petition, and continues to hold those positions today;

5. W. Shaun Davis is the President and sole Director of the Alleged Debtor MBOF, he has held those positions since 2002, held those positions at the time of filing of the Involuntary Petition, and continues to hold those positions today;

6. The Alleged Debtor MBOF has three classes of shares of one series each as follows: (1) 12,000 Managers Shares; (2) 1,500,000 Class A Shares; and (3) 3,500,000 Class B Shares;

7. Each Managers' Share in the Alleged Debtor MBOF carries the right to one vote; Class A and Class B Shares do not carry the right to vote, except in relation to separate class voting pursuant to Clause 9 of the Memorandum of Association (an exception not relevant to the decision before the Court);

8. The Alleged Debtor MBOF raised money through a private placement of securities in 2002 and 2003. Kayley Investments, N.V. ("Kayley") invested $15,000,000 into Class B shares. Persons other than Kayley invested approximately $8,000,000 into Class A and Class B shares;

9. Gusrae Kaplan Nusbaum PLLC, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. and Hogan Lovells US LLP are the authorized representatives of the Alleged Debtor MBOF in this proceeding, having been retained to serve in that capacity by Mr. Davis pursuant to his authority to act for MBOF; and

10. The attorneys for the Zeltser Group—Emanuel Zeltser of the law firm Sternik and Zeltser, and Darin DiBello, of the law firm DiBello, Lopez & Castillo, P.A.—were not authorized by MBOF to file pleadings or otherwise act for MBOF in this proceeding.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Redmond Group's *Emergency Motion to Strike Answer* [ECF No. 8] is **GRANTED** and the Zeltser Group's *Answer* [ECF No. 5] is **STRICKEN**. It is further

**ORDERED AND ADJUDGED** that the *Alleged Debtor's (A) Answer and Affirmative Defenses and (B) Motion to Dismiss Involuntary Petition* filed by the Redmond Group [ECF No. 37] is scheduled for hearing on June 5, 2013 at 3:00 PM in Courtroom 1410, 51 SW First Ave, Miami, FL. If the Court does not grant dismissal, it is

**ORDERED AND ADJUDGED** that the Involuntary Petition is specially set for trial on August 1, 2013 at 2:00 PM in Courtroom 1410, 51 SW First Ave, Miami, FL. All discovery shall be completed no later than twenty-one (21) days prior to the trial date. It is further

**ORDERED AND ADJUDGED** that a Pretrial Conference is set for July 22, 2013 at 10:00 AM in Courtroom 1410, 51 SW First Ave, Miami, FL.

###

Copies furnished to:

Patricia Redmond, Esq.
Eric Silver, Esq.
Emanuel Zeltser, Esq.
Clayton Hackney, Esq.

Attorney Redmond is directed to serve a conformed copy of this order upon all interested parties and thereupon file a certificate of service of same.