

**ORDERED in the Southern District of Florida on July 12, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                               CASE NO.: 11-17051-AJC

**MUTUAL BENEFITS OFFSHORE**                         Chapter 11 (Involuntary)
**FUND, LTD.,**

    Alleged Debtor.                 **Related Document:  ECF No. 678**

_____/

## ORDER DENYING MOTION TO SUPPLEMENT RECORD ON APPEAL

THIS MATTER came before the Court for hearing on Wednesday, June 26, 2013, at 3:00 p.m. (the "Hearing") on Appellant's Motion to Supplement Record on Appeal [ECF No. 678] (the "Motion") filed by attorneys Sternik & Zeltser and DiBello, Lopez & Castillo, P.A. (together, the "Zeltser Group"). These attorneys, who purported to represent the Alleged Debtor, Mutual Benefits Offshore Fund, Ltd. ("MBOF") previously filed a Notice of Appeal [ECF No. 665] from this Court's Final Judgment [ECF No. 654] (the "Judgment") entered on April 25, 2013, in which the Court adjudicated the threshold issue of ownership in favor of the Redmond Group (as that term has been used throughout these proceedings). The Zeltser Group, through its

Motion, seeks to supplement the record on appeal with certain items that were never filed with the clerk of court.  For the reasons set forth below, the Court finds it appropriate to deny the Motion to Supplement the Record.

<u>**Procedural and Factual Background**</u>

The Court finds that a brief recitation of the relevant background is appropriate under the circumstances.  On March 17, 2011, six petitioning creditors initiated an involuntary bankruptcy proceeding against MBOF.  [ECF No. 1].  The Zeltser Group, purporting to represent the Alleged Debtor, filed an Answer to the involuntary petition in which it admitted the allegations of the petition and consented to an order for relief. [ECF No. 5].  Immediately thereafter, the Redmond Group filed a motion to strike the Zeltser Group's answer alleging that the Zeltser Group did not have authority to represent the Alleged Debtor and that its clients were the proper owners of MBOF. [ECF No. 8]. At the request of the Zeltser Group and because of these contrary positions, the Court determined that the threshold issue in this involuntary case was the ownership and proper representatives of the Alleged Debtor. All parties consented to try this issue by contested matter, *see, e.g.*, ECF Nos. 96, 279, 488, the trial of which took place on April 11 and 12, 2013.

Prior to trial, the Zeltser Group disclosed Natasha Bransburg and Galina Orlowskaya as witnesses they intended to use in their case-in-chief.  However, and as documented in the Redmond Group's *Motion to Enforce the Court's Order* [ECF No. 608] ("Motion to Enforce"), the Zeltser Group did not make these witnesses available for deposition prior to trial.  At the March 27th hearing on the Motion to Enforce, the Court made its position clear:

> Well let's make it very simple and let's not waste a lot of time. We can't play fast and loose, this is not a game, this is an effort to get to the truth of the matter, and so if they haven't been available for deposition up until now, they will certainly be allowed to testify providing that they appear seven days before the trial for

their depositions, otherwise, if they don't do that, then they don't come to the trial, simple.

3/27/13 Hr'g Tr. 13:25-14:8.

The witnesses did not appear for deposition, and to this point have not been examined by counsel for the Redmond Group or counsel for any other party to this dispute. Rather, prior to trial on this contested matter, Ms. Oxana Adler, a petitioning creditor in these involuntary bankruptcy cases filed a *Notice of Request to Seal and for In Camera Review* [ECF No. 630] ("Request to Seal"). Simultaneously with the filing of the Petitioning Creditors' Request to Seal four declarations of witnesses that the Zeltser Group intended to call at trial on the ownership issue – (1) Oxana Adler; (2) Robby Mingels; (3) Natasha Bransburg; and (4) Galina Orlowskaya (the "Declarations"), the Declarations were delivered to Chambers, but not filed, in support of the Zeltser Group's Motion for Extension of Time and for Continuance of Trial [ECF No. 627] ("Motion to Continue").

On April 4, 2013, the Court conducted a hearing on the Request to Seal at the same time as the Zeltser Group's Motion to Continue. At all relevant times, the Zeltser Group conditioned access to the Declarations upon counsel for the Redmond Group's commitment to keep the file confidential. In other words, counsel could see the Declarations only upon an agreement *not* to disclose the contents to its clients.

At the Hearing, counsel for the petitioning creditor argued that the Declarations should remain sealed until the Court considered them in connection with the Zeltser Group's Motion to Continue. The condition in the Request to Seal was that the Declarations be reviewed in camera and filed under seal. The Court declined to do so, noting that it operates "in the sunshine," and returned the Declarations to counsel who consented to their return. The Court thereafter denied

the Request to Seal, which was later memorialized in the Court's *Order Denying Motion to Seal and for In Camera Review* [ECF No. 649].

Notwithstanding the fact that the request to seal the Declarations was denied, the Zeltser Group argued the very substance of the Declarations in support of its Motion to Continue. *See* 4/4/13 Hr'g Tr. at 7:1-11 and 10:12-12:2. The Zeltser Group did not attach the Declarations, or any other evidence to its Motion to Continue. The Court advised the Zeltser Group that it could revisit the issue after presentation of the Redmond Group's case-in-chief, and therefore denied the motion without prejudice [ECF No.648]. The Zeltser Group renewed its Motion to Continue after the Redmond Group's presentation of evidence, and argued the same grounds for a continuance. The Court agreed to continue the trial – and was agreeable to doing so on Saturday, April 27, 2013 – provided the witnesses were produced for deposition. The Zeltser Group never produced the witnesses, and the trial concluded.

## ANALYSIS

It is inappropriate for the Zeltser Group to supplement the record on appeal with the Declarations of these four witnesses, where counsel for the Zeltser Group: (a) conditioned the submission of the Declarations upon filing each Declaration under seal to be reviewed in camera; (b) elected not to produce the declarants for examination during trial, despite the Court agreeing to continue the trial upon production of the witnesses, thereby barring the Redmond Group from testing the accuracy of the Declarations or presenting any contrary evidence; and (c) did not allow the Redmond Group or other opposing parties to view the Declarations unless all counsel promised not to disclose the contents to their clients, thereby prohibiting the Redmond Group from relying on or otherwise using the Declarations. Moreover, counsel for the Zeltser Group attempted on the record to raise and argue issues arising out of the Declarations in support of its

Motion to Continue.  In light of these attempts, the record as presently constituted sufficiently reflects the matters contained in the Declarations on which the Zeltser Group may rely, and therefore a denial of the motion to supplement will not prejudice the party.

**For The Reasons Stated Below And Pursuant To Fed. R. Bankr. P. 8006 and Fed. R. App. P. 10(e), The Zeltser Group Cannot Supplement The Record On Appeal With The Subject Declarations.**

Federal Rule of Bankruptcy Procedure 8006 ("Record and Issues on Appeal") provides both the appellant and appellee an opportunity to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented.  However, the Federal Rules of Bankruptcy Procedure do not provide guidance as to the procedures each party must follow in correcting or modifying the record where there is a dispute as to what should be included.  The Committee notes to Rule 8006 indicate that this rule "is an adaptation" and condensed version of the corresponding Federal Rules of Appellate Procedure, and the courts therefore can look to the Federal Rules of Appellate Procedure for guidance in interpreting the bankruptcy appellate rules. *In re Lickman*, 288 B.R. 584, 585 (M.D. Fla. 2003), citing 10 Lawrence P. King, Collier on Bankruptcy, ¶ 8006.03[1] at 8006-6 (15th rev. ed 2002) ("It seems sensible to look to the practice and decisions under Appellate Rule 10 for guidelines to understanding Rule 8006.").

Federal Rule of Appellate Procedure 10(e) addresses the issue of correction or modification of the record. The rule provides,

> (e) Correction or Modification of the Record.
>> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>>> (A) on stipulation of the parties;
>>> (B) by the district court before or after the record has been forwarded; or
>>> (C) by the court of appeals.

5

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Therefore, under Fed. R. App. P. 10(e), this Court has the authority to correct or modify the record where the party seeking this change establishes that there has indeed been an omission or misstatement, whether by error or accident. *See also In re Food Fair, Inc.*, 15 B.R. 569, 571 (S.D.N.Y. 1981) (noting appellate Rule 10(e) applicable to bankruptcy proceedings to correct or modify a record on appeal).

Here, there has been no error or accident in establishing the record during the prior proceedings, and the facts are not in dispute. As outlined above, this Court provided every opportunity for the Zeltser Group to produce these witnesses for examination during trial, and the Zeltser Group expressly decided against it. Indeed, this Court informed the Zeltser Group that it could not comply with the condition to file the Declarations under seal for an in camera review, and the Zeltser Group consented to the return of the papers. Moreover, the Zeltser Group precluded counsel for the Redmond Group from relying on or using the Declarations once receipt of the Declarations was conditioned on the agreement not to disclose the contents to the clients. The Declarations therefore were never incorporated into the record or considered by the Court, and as a result they cannot properly be made part of the record at this late stage pursuant to Fed. R. Bank. P. 8006 and Fed. R. App. P. 10(e). *See American Civil Liberties Union of Florida Inc. v. Dixie County Fla.*, 828 F. Supp. 2d 1307, 1308 (N.D. Fla. 2011) (hereinafter "ACLU") (denying defendant's motion to supplement record on appeal where defendant attempted to supplement record with full transcript of deposition testimony rather than portions that went before the court in its decision).

Rule 10(e) does not authorize this Court to supplement the record for appeal "with material that was not considered" in earlier proceedings. *ACLU*, 828 F. Supp. 2d at 1308. The

Zeltser Group takes the position that this Court did in fact "consider" the Declaration in its decision to deny without prejudice the Motion to Continue, and premises this argument in part on this Court's comment during the Hearing that it read the Declarations and was "not impressed" with their content.

The Court finds that this comment, under the circumstances, does not rise to the level of "consideration" required under Fed. R. App. P. 10(e) to supplement to record.  This Court did not consider the Declarations or the contents therein, *nor could it* where the Zeltser Group declined to produce the witnesses during trial even where the Court was willing to continue the trial on the following Saturday, or where the Zeltser Group delivered the Declarations to Chambers and conditioned access to the Declarations on filing them under seal for an in camera review.  The Zeltser Group further conditioned opposing counsel's access to the Declarations upon a commitment not to disclose or discuss their contents with the clients, thereby denying the Redmond Group its right to bring forth any testimony or other evidence challenging the statements made therein.  This Court returned the Declarations with only a cursory review and did not consider their contents for purpose of its ruling.

The Zeltser Group had the opportunity to produce the witnesses for examination or remove any improper condition on access to the Declarations, but failed to do so, and it cannot now attempt to revive that opportunity and supplement the record on appeal with that very same evidence. *ACLU*, 828 F. Supp. 2d at 1308; *see also Shahar v. Bowers*, 120 F.3d 211, 212-13 (11th Cir. 1997) (denying motion to supplement record where appellant had opportunity to pursue discovery but did not "press the matter").  The Zeltser Group has not demonstrated a sufficient justification for its lack of diligence in producing the witnesses or establishing the record with the Declarations.

This showing is even more difficult given the lack of prejudice to the Zeltser Group were the record to exclude the Declarations. The Zeltser Group elected not to produce the witnesses at trial or attach any evidence to its Motion to Continue, despite being given more than one opportunity to do so. Indeed, various matters contained in the Declarations were proffered by counsel for the Zeltser Group in defending its Motion to Continue. Therefore, denying the Motion to supplement will not prejudice the Zeltser Group where the Zeltser Group opted to argue and put this Court on notice of matters relating to the Declarations.

In contrast, supplementing the record with the Declarations would prejudice the Redmond Group. This party was not afforded the opportunity to test the validity of the Declarations through examination of each declarant under oath. To be sure, counsel for the Redmond Group was never granted sufficient access to the Declarations, and as a result the Redmond Group's clients were never aware of the allegations and could not present any contrary evidence. Rather, the Declarations were delivered to Chambers – and not filed in the Request to Seal – on the condition that they would be filed under seal for in camera review, to which this Court declined.

For the record to now be supplemented with the same Declarations would deprive the Redmond Group – as well as all other parties who may object to the Declarations – of an important right and, in effect, would require the Redmond Group to accept the substance of each Declaration. Under the circumstances, this Court is not justified in modifying the record. *Bowers*, 120 F.3d at 213 (review of present record showed "no strong equities" favoring supplementation of the record); *see also U.S. v. Weisser*, 417 F.3d 336, 342 (2d Cir. 2005) (where documents not on the record would not significantly affect issues that could be advanced on appeal, defendant failed to show any prejudice to his right to appeal).

For the reasons set forth above, it is −

ORDERED AND ADJUDGED that the Zeltser Group's Motion to Supplement the Record is DENIED.

# # #

Submitted by and Copy furnished to:
Patricia Redmond, Esq.
predmond@stearnsweaver.com
Stearns Weaver Miller Weissler
 Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Telephone:     (305) 789-3200
Facsimile:     (305) 789-3395

(Attorney Redmond is directed to serve a conformed copy of this Order upon interested parties and file a Certificate of Service.)